UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION

| | | |
|---|---|---|
| PILERO LLC, PILEPRO SALES CORPORATION, BLUE EMERALD, INC., f/k/a PILEPRO INC., PILEPRO STEEL, L.P., and ROBERTO R. WENDT, | ) ) ) ) ) | Case No. 12:cv-00829-SS |
| | ) | |
| Plaintiffs, | ) ) ) | **DEFENDANT MATTHIAS WEIGEL'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL** |
| vs. | ) ) ) | **JURISDICTION, PURSUANT TO RULE 12(B)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| HUMPHREY CHANG, RICHARD HEINDL, MATTHIAS WEIGEL, and STEELWALL, GMBH, | ) ) ) ) | THIS MOTION IS OPPOSED BY PLAINTIFFS.  [Local Rule CV-7(i)] |
| Defendants. | ) ) ) | |
| | ) ) | |
| RICHARD HEINDL and STEELCOM LTD., | ) ) ) | |
| Counterclaimants, | ) ) | |
| vs. | ) ) | |
| ROBERTO R. WENDT,  IAN MORGAN, ROBERT P. YOUNGMAN, ROBERT P. YOUNGMAN, as Trustee of the WILLIAM S. YOUNGMAN TRUST 1, for the benefit of ELSIE Y. HULL, ROBERT P. YOUNGMAN as Trustee of the WILLIAM S. YOUNGMAN TRUST 2, for the benefit of WILLIAM S. YOUNGMAN III, MIKE FEIFAREK, MATT FEIFAREK,  MARTIN DOUDOROFF, STACIE BRYAN and ROES 1 through 10, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Counterdefendants. | ) ) ) | |
| | ) | |

DEFENDANT MATTHIAS WEIGEL'S
RULE 12(B)(2) MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ...................................................................................... iii

DEFENDANT MATTHIAS WEIGEL'S NOTICE OF MOTION
AND MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION, PURSUANT TO RULE 12(B)(2) OF THE
FEDERAL RULES OF CIVIL PROCEDURE ........................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I.     COUNSEL "MET AND CONFERRED" PRIOR TO
       FILING THIS MOTION IN A GOOD-FAITH ATTEMPT
       TO RESOLVE THE MATTER BY AGREEMENT; PARTIAL
       RESOLUTION OF ISSUES – THERE IS NO DISPUTE THAT
       WEIGEL IS NOT SUBJECT TO THE "GENERAL JURISDICTION"
       OF THIS COURT .......................................................................................... 1

II.    DECLARATIONS IN SUPPORT OF
       THIS MOTION, FILED CONCURRENTLY ................................................ 2

III.   PRELIMINARY STATEMENT ................................................................... 2

IV.    SUMMARY OF RELEVANT
       MATERIAL FACTS AND ALLEGATIONS ............................................... 4

       A.  The Parties. ......................................................................................... 4

       B.  Plaintiffs' Business. ........................................................................... 5

       C.  Plaintiffs' Allegations of Wrongdoing against Weigel. ..................... 5

       D.  Plaintiffs' Alleged Basis for Personal Jurisdiction over
           Weigel: Complaint ¶ 28. .................................................................... 7

V.     RELEVANT LEGAL STANDARD AND AUTHORITIES .......................... 12

       A.  Personal Jurisdiction must be Consistent with Constitutional
           Due Process. ....................................................................................... 12

       B.  Weigel is not Subject to the "General Jurisdiction" of this Court. ............ 13

i

## **TABLE OF CONTENTS** (continued)

PAGE

C.  Burden of Proof, Evidentiary Considerations and the Standard of Proof. .......................................................................................... 13

1.  Plaintiffs' Bear the Burden of Establishing "Specific" Personal Jurisdiction over Weigel ..................................................... 13

2.  Evidentiary Considerations. .......................................................... 13

3.  Standard of Proof on Motion to Dismiss for Lack of Jurisdiction ...................... 14

D.  Under Relevant Case Law, Weigel is not Subject to the "Specific Jurisdiction" of this Court ........................................................... 16

VI.  CONCLUSION ................................................................................... 20

DEFENDANT MATTHIAS WEIGEL'S
RULE 12(B)(2) MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                      **PAGE**

Air Products & Controls, Inc. v. Safetech Int'l, Inc.,
503 F3d 544 (6th Cir. 2007) ………………………………………………………………14

Alliantgroup, L.P. v. Feingold,
2012 WL 4485730, *1 (S.D. Tex. 2012) …...………...…………………………………………12

Asahi Metal Indus. Co. v. Superior Court,
480 U.S. 102 (1987) ………………………………………………………………......………..18

Austad Co. v. Pennie & Edmonds,
823 F.2d 223 (8th Cir. 1987) …………………………………...……………………...…....19

Ballard v. Savage,
65 F3d 1495 (9th Cir. 1995) …………………...……………………...…………………14

Burger King Corp. v. Rudzewicz,
471 U.S. 462 (1985) ………………………………………………………………………16

Credit Lyonnais Securities (USA), Inc. v. Alcantara,
183 F3d 151 (2nd Cir. 1999) ………………………………...……………………..13

Cross v. Kloster Cruise Lines, Ltd.,
897 F.Supp. 1304 (D OR 1995) ……………...……………………………..……………..14

Data Disc, Inc. v. Systems Technology Assocs., Inc.,
557 F2d 1280 (9th Cir. 1977) ………………………………………………...……..14

Fiore v. Walden,
688 F3d 558 (9th Cir. 2012) ……………………………………………...……….....15

Freudensprung v. Offshore Technical Services, Inc.,
379 F.3d 327 (5th Cir. 2007) …...…………………………………………………17-18

Gardemal v. Westin Hotel Co.,
186 F.3d 588 (5th Cir. 1999) ……………...…………………………………………13

Guidry v. U.S. Tobacco Co.,
188 F.3d 619 (5th Cir. 1999) ……………...………………………………………..17

Harris Rutsky & Co. Ins. Services, Inc. v. Bekk & Clements Ltd.,
328 F3d 1122 (9th Cir. 2003) ………………………………………………14

Helicopteros Nacionales de Colombia, S.A. v. Hall,
466 U.S. 408 (1984) …………………………………………………………...…12, 16

Hot Oil & Gas Corp. v. Harvey,
801 F.2d 773 (5th Cir. 1986) ………………………………...………………….…...17

## <u>TABLE OF AUTHORITIES</u> (continued)

**FEDERAL CASES (continued)**                                                      **PAGE**

Hydrokinetics, Inc. v. Alaska Mechanical, Inc.,
700 F.2d 1026 (5th Cir. 1983) ………………...……………………………...………...17

Int'l Shoe Co. v. Washington,
326 U.S. 310 (1945) …………………………………………………………………12

Jobe v. ATR Marketing, Inc.,
87 F3d 751 (5th Cir. 1996) ...…………………………………………………………14

Jones v. Petty-Ray Geographical Geosource, Inc.,
954 F.2d 1061 (5th Cir. 1992) .…………………………………………….…………....18

Johnston v. Multidata Systems Int'l Corp.,
523 F.3d 602 (5th Cir. 2008) ...…………………………………………...…………...12

Kowalski v. Doherty, Wallace, Pillsbury & Murphy,
787 F.2d 7 (1st Cir.1986) …………………………………………………………19

Mayes v. Leipziger,
674 F.2d 178 (2nd Cir.1982) …………………………………………………………19

Phillips v. Prairie Eye Ctr.,
530 F3d 22 (1st Cir. 2008) .…………………………………………….……………..14

Shaffer v. Heitner,
433 U.S. 186 (1977) …………………………………………………………...18

Sher v. Johnson,
911 F.2d 1357 (9th Cir. 1990) ..…………………………………….……..…..18-19

Submersible Sys., Inc. v. Perforadora Central, S.A.,
249 F.3d 413 (5th Cir. 2001)…………………………………………….………....18

Wenz v. Memery Crystal,
55 F3d 1503 (10th Cir. 1995) ……………………………………………….……….....15

WNS, Inc. v. Farrow,
884 F2d 200 (5th Cir. 1989) ………………………………….………………….…………14

**STATE CASES**

National Industrial Sand Ass'n v. Gibson,
897 S.W.2d 769 (Tex. 1995) ……...………………………………………………...….....17

/ / /

/ / /

DEFENDANT MATTHIAS WEIGEL'S
RULE 12(B)(2) MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION

**TABLE OF AUTHORITIES** (continued)

**STATUTES**                                                                    **PAGE**

28 U.S. C. § 1404(a) …………...............................................................................……………....20

Fed. R. Civ. Proc., Rule 12(b)(2) …………............................................……………1, 13, 14, 20


**OTHER AUTHORITIES**

Local Rule CV-7(i) ……………...…………………………………………….…………….1

The Rutter Group, Practice Guide: Fed.Civ. Proc. Before Trial (5th Circuit),
Chapter 9 (Westlaw, online edition) .....................................................……………13, 14, 15

**DEFENDANT MATTHIAS WEIGEL'S NOTICE OF MOTION AND MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION, PURSUANT TO
RULE 12(B)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

TO THE HONORABLE SAM SPARKS:  Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendant MATTHIAS WEIGEL (hereinafter, "Weigel"), by and through his counsel of record, hereby gives Notice of this Motion and hereby brings this Motion to Dismiss for Lack of Personal Jurisdiction, in response to being served (via the Hague Convention) with the Corrected Complaint (hereinafter the "Complaint") of Plaintiffs PILEPRO LLC, PILEPRO SALES CORPORATION, BLUE EMERALD, INC., f/k/a PILEPRO INC., PILEPRO STEEL, L.P., and ROBERTO R. WENDT (hereinafter "Plaintiffs"), filed on October 11, 2012.  Weigel understands that the Court will notify the parties if a hearing is set with respect to this Motion.

Except with respect to a partial resolution of issues noted below, Plaintiffs oppose this Motion with respect to the issues presented.  [See Local Rule CV-7(i).]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**COUNSEL "MET AND CONFERRED" PRIOR TO FILING THIS MOTION IN A
GOOD-FAITH ATTEMPT TO RESOLVE THE MATTER BY AGREEMENT; PARTIAL
RESOLUTION OF ISSUES – THERE IS NO DISPUTE THAT WEIGEL IS NOT
SUBJECT TO THE "GENERAL JURISDICTION" OF THIS COURT**

1.      Plaintiffs' counsel was advised of Weigel's intent to file this motion to  dismiss for lack of personal jurisdiction.  See Declaration of Andrew Callari.  Although this is considered a dispositive motion, counsel had several telephone discussions regarding the issues raised in this motion in a good-faith attempt to resolve the matter by agreement, under the guidelines of Local Rule CV-7(i) (applicable to non-dispositive motions).  Although a full resolution of all issues could not be reached, the parties have narrowed the issue of the motion to whether this Court has "specific jurisdiction" over Weigel.  The agreement in this regard is confirmed in email exchanges that occurred after the telephonic conferences.  Callari Decl., Exhibit 1 (quoted below).

2.      On May 3, 2013, Mr. Callari sent Mr. Mitchell an email inquiring as follows:

> "Are plaintiffs contending that there is 'general jurisdiction' over
> Weigel in Texas, as well as 'specific jurisdiction'?

> Or are plaintiffs only contending that there is 'specific jurisdiction'
> over Weigel based on specific conduct that occurred in the forum state?

- 1 -

The reason I ask is so that we know whether we need to address the issue of 'general jurisdiction' in Weigel's motion."

3.      On May 6, 2013, Mr. Mitchell sent a reply email answering, as follows:

"About your question: PilePro is not contending that there is general jurisdiction over Weigel.  We contend that specific jurisdiction exists with respect to the state of Texas and also with the United States."

4.      Based on the foregoing agreement reached during the "meet and confer" process, eliminating the issue of "general jurisdiction" over Weigel, this Motion to Dismiss is limited to establishing that Weigel is not subject to "specific jurisdiction" in the Western District of Texas.

## II.

## DECLARATIONS IN SUPPORT OF THIS MOTION, FILED CONCURRENTLY

5.      In support of this Motion, submitted concurrently herewith are:

- The Declaration of Matthias Weigel ("Weigel Decl."), with Exhibits A to D.

- The Declaration of Richard Heindl ("Heindl Decl.").

- The Declaration of Humphrey Chang ("Chang Decl.").

## III.

## PRELIMINARY STATEMENT

6.      Weigel respectfully requests that the Court grant this Motion and dismiss the Complaint against Weigel on grounds that he is not subject to "specific jurisdiction" in Texas.

7.      Weigel is a German and European patent attorney who worked for only one of the Plaintiffs – PilePro LLC, which, at all relevant times, was a Delaware LLC with its principal office in South Dakota – not Texas.  Therefore, PilePro LLC was not even a citizen of Texas at the time of the alleged injury; it was a citizen of Delaware and South Dakota at all times relevant to the events at issue.  See Paragraph 31, below.

8.      The alleged "injury" relates to PilePro LLC patents for steel connectors.  The allegations against Weigel are that, as a company patent attorney, he conspired with the other defendants to: (1) fraudulently transfer Non-U.S. patents from PilePro LLC to a Swiss corporation (non-party Contexo, AG) in Non-U.S. patent offices, and (2) fraudulently register new Non-U.S. patents in the name of Contexo, AG, instead of in the name of PilePro LLC, also in Non-U.S. patent offices.  See Paragraphs 18-19, below.

- 2 -

9.     Because Weigel's conduct as a German and European patent attorney practicing in Non-U.S. patent offices in (1) transferring Non-U.S. patents and (2) registering Non-U.S. patents occurred in Germany and Europe, no cause of action based on that conduct "arises out of" or "relates" Weigel's forum-related activities in Texas.  This is especially true here because at the time of the alleged wrongful conduct, Weigel's client – PilePro LLC – was Delaware LLC headquartered a South Dakota.  Furthermore, for purposes of personal jurisdiction over Weigel, it does not matter if the allegations are true or not because the allegedly wrongful conduct (the transfer and registration of Non-U.S. patents) occurred solely in Germany or Europe.  As such, there is no basis for this Court to exercise specific personal jurisdiction over Weigel in Texas.

10.     Another troubling aspect of Plaintiffs' case is that the alleged conspiracy of (1) transferring Non-U.S. patents from PilePro LLC to Contexo and (2) registering Non-U.S. patents to Contexo has been the subject of several court actions in Germany and Switzerland, both civil and criminal, such that Plaintiffs are pursuing the exact same claims in several countries.  It is a case of blatant forum-shopping and duplicative lawsuits and there is a real and substantial risk of inconsistent judgments between courts in different countries, as well as issues of res judicata and collateral estoppel.  The Court should be aware of the following actions:

- **Civil Action Pending in Switzerland (Case No. ES 2010 381)**:  *PilePro LLC v. Contexo, AG, et al.*, Case No. ES 2010 381, is now pending in Zug, Switzerland (the "Swiss Litigation").  See Weigel Decl., ¶ 23; Heindl Decl., ¶ 17.  See also Complaint ¶ 128.

- **Criminal Action in Switzerland Dismissed (Case No. 2A 2011 172-174 EIK/rei)**:  In addition to the civil action initiated in Switzerland, PilePro LLC simultaneously filed a criminal complaint, which was dismissed for lack of evidence.  See Weigel Decl., ¶¶ 24-25; Heindl Decl., ¶¶ 18-19.

- **Criminal Action initiated in Munich, Germany Dismissed (Case No. 260 Js 232801/10)**.  PilePro LLC also filed a criminal complaint at the department of public prosecution in Munich, Germany, which was dismissed for lack of evidence.  See Weigel Decl., ¶ 26; Heindl Decl., ¶ 20.

- **Civil Action Pending/Stayed in Germany (Düsseldorf Appeals Court, Case No. I-2 W58/10)**:  Wall-Profile GmbH (a German subsidiary/affiliate of PilePro LLC) ("Wall-Profile") filed a civil action in Germany, which was dismissed, with the resulting appeal now pending in Düsseldorf Appeals Court.  See Weigel Decl., ¶¶ 27-28; Heindl Decl., ¶¶ 21-22.  See also Complaint ¶ 128.

DEFENDANT MATTHIAS WEIGEL'S
RULE 12(B)(2) MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION

## IV.

## SUMMARY OF RELEVANT MATERIAL FACTS AND ALLEGATIONS

### A.     The Parties.

11.     **Five Plaintiffs:**  PilePro LLC, PilePro Sales Corporation, Blue Emerald, Inc. (f/k/a

PilePro Inc.), PilePro Steel, L.P., and Roberto R. Wendt ("Plaintiffs").  Complaint ¶¶ 6-11.

12.     **Four Defendants**:  Humphrey Chang ("Chang"), Richard Heindl ("Heindl"),

Matthias Weigel ("Weigel"), and Steelwall, GmbH ("Steelwall") (collectively, "Defendants").

Complaint ¶¶ 12-16 (referring to Defendants as "RICO Defendants").

    A.  **Chang**, a California resident, is the only named defendant who is a
       U.S. citizen.  Complaint ¶ 13.

    B.  **Heindl** is a German national who resides in Germany. Complaint, ¶ 14.

    C.  **Weigel** is a German national who resides in Germany and who licensed
       as a German patent attorney and a European patent attorney.  Complaint
       ¶ 15.  Weigel is not licensed to practice before the United States Patent
       and Trademark Office ("USPTO").  Weigel Decl. ¶¶ 4-6, 8, 19.

    D.  **Steelwall** is a German corporation with its principal place of business
       in Munich, Germany.  Complaint ¶ 16.

13.     **Six Non-Parties** identified in the Complaint who are alleged to be "Non-Party

Co-Conspirators" (Complaint ¶¶ 17-23), only one of whom is a U.S. resident:

    A.  **Contexo, AG** ("Contexo"), a Swiss corporation with its principal
       place of business in Switzerland.  Complaint ¶ 18.

      &bull;  Contexo is the company who holds the <u>Non-U.S. Patent Rights</u>
        which (1) Plaintiffs contend were fraudulently transferred from
        PilePro LLC to Contexo or (2) with respect to new patents,
        Plaintiffs contend were fraudulently registered to Contexo
        (instead of to PilePro LLC).  <u>See</u> Complaint ¶¶ 123, 125-128; <u>see
        also</u> Paragraphs 18-19, below.

      &bull;  In fact, to the extent Plaintiffs seek the return of the Non-U.S.
        Patent rights held by Contexo, Contexo appears to be an
        indispensible party, in addition to the "rem" (i.e., the Non-U.S.
        Patent Rights) being outside the jurisdiction of this Court (or any
        other court in the United States).

    B.  **Enrico O. Farroni** ("Farroni"), an individual and attorney who
       resides in Switzerland and who was retained by PilePro LLC to
       provide legal and trustee services in connection with Contexo.
       Complaint ¶ 19.

- 4 -

C.   **Roland Harzenmoser** ("Harzenmoser"), an individual who resides in Switzerland and who was retained by PilePro LLC to provide trustee services in connection with Contexo.  Complaint ¶ 20.

D.   **Steelwall Holding, AG** ("Steelwall Holding"), a Swiss corporation with its principal place of business in Switzerland.  Complaint ¶ 21.

E.   **Monique Doering** ("Doering"), an individual who resides in Germany and was a personal assistant to Heindl.  Complaint ¶ 22.

F.   **Eastlink Capital Management, LLC** ("Eastlink Capital"), a Nevada corporation wholly owned by Chang, with its principal place of business in California.  Complaint ¶ 23.

14.     Of the ten alleged conspirators, six are <u>not</u> named as defendants in this case. Thus, this is not a case that cannot proceed without Weigel.

15.     Like five of the six non-parties alleged to be co-conspirators, Weigel is not a resident of the United States.  Of the non-parties, only Eastlink Capital (owned by Chang) is a resident of the United States.

16.     Plaintiffs contend that Chang is the "mastermind" of the alleged RICO enterprise. Complaint ¶ 115.  Plaintiffs contend that the alleged RICO enterprise was "directed" by its "two leaders" – Chang and Heindl.  Complaint ¶ 114.  In contrast, Weigel's participation was limited to conduct in Germany and Europe, while acting as patent counsel for PilePro LCC with respect the <u>Non-U.S. Patent Rights</u> which are at issue.

**B.     <u>Plaintiffs' Business</u>.**

17.     Plaintiffs are in the business of manufacturing "specialized connectors that join steel sheet piling together for use in large construction projects in the United States and around the world."  Plaintiffs hold, or previously held, various U.S. Patents and Non-U.S. Patents related to their manufacturing of connectors.  Complaint ¶ 2.

**C.     <u>Plaintiffs' Allegations of Wrongdoing against Weigel</u>.**

18.     **The <u>transfer</u> of <u>Non-U.S. Patents</u> from PilePro LLC to Contexo in <u>Non-U.S.</u> <u>patent offices</u>**.  Plaintiffs contend throughout the Complaint that Defendants fraudulently transferred <u>Non-U.S. Patent Rights</u> belonging to PilePro LLC to Contexo.  Weigel's participation was as the German and European patent attorney who effectuated such transfers to Contexo in <u>Non-U.S. patent offices</u>.  Complaint ¶¶ 3, 123, 152-162.  "Weigel held a power of attorney that

DEFENDANT MATTHIAS WEIGEL'S
RULE 12(B)(2) MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION

authorized him to act in PilePro LLC's name before the German Patent and Trademark Office, the European Community Patent Office, and the patent offices of other jurisdictions" (Complaint ¶ 123) – but not before the USPTO.  Weigel Decl. ¶¶ 4-6, 8, 19.  Plaintiffs have labeled the forming of Contexo in Switzerland as the core of "Reorganization Scheme" and assert that Chang was "primarily responsible for devising, directing, and implementing" this alleged scheme.  Complaint ¶¶ 152-154.  The transfer of the Non-U.S. Patent Rights from PilePro LLC to Contexo is described by Plaintiffs as the "Assignment Scheme" and Plaintiffs allege that it occurred in or about April 2010 through July 2010.  Complaint ¶¶ 186-206.  Plaintiffs allege that the jurisdictions involved included:  Brazil, Canada, China, Eurasia, Japan, Mexico and South Korea.  Complaint ¶ 205.  The United States is not one of the jurisdictions connected to this alleged wrongful conduct.  None of Weigel's conduct as the patent attorney transferring Non-U.S. Patent Rights to Contexo occurred in Texas or anywhere in the United States.

19.     **The registration of Non-U.S. Patents to Contexo in Non-U.S. Patent Offices**.  Plaintiffs further contend throughout the Complaint that Defendants fraudulently "caused patent offices in Germany, the European Community, and other countries around the world [but not the United States] to register valuable patents owned and developed by PilePro LLC in the name of Contexo."  Complaint, ¶¶ 127, 163-169.  Again, Weigel's participation was as the German and European patent attorney who registered these new patents for new connectors in the name of Contexo in Non-U.S. patent offices.  Complaint ¶¶ 3, 123(d).  According to Plaintiffs, in 2008 and 2009, fourteen (14) new patents were registered in the name of Contexo in the following non-U.S. locales:  Germany, Canada, China, India, and Europe.  Complaint ¶ 169.  None of the new patents at issue were registered in the United States.  Plaintiffs have labeled this the "New Patent Fraud" and assert that Chang was able "to persuade Wendt and PilePro LLC to authorize the registration of patents for the New Connectors in the name of Contexo."  Complaint ¶ 164. None of Weigel's conduct as the patent attorney registering any new Non-U.S. Patent Rights in the name of Contexo occurred in Texas or anywhere in the United States.

20.     **PilePro LLC's payment of license fees to Contexo – without any specific allegations against Weigel**.  Plaintiffs allege that there was a "License Fee Scheme," whereby

some 42 license fee transfers were made from PilePro LLC to Contexo.  Complaint ¶¶ 170-178. Weigel is not alleged to have taken any specific action in connection with this alleged scheme, which Plaintiffs contend was "directed" by Chang.  Complaint ¶ 173.  Those identified by name as participants in this alleged scheme are:  Chang, Heindl, Farroni, Harzenmoser, and Doering. Complaint ¶¶ 174-176.  Weigel's name does not even appear in these allegations.

21.    **The creation of Contexo as part of the Reorganization Plan – without any specific allegations against Weigel**.  Plaintiffs allege that there was a "Contexo Transfer Fraud" stemming from the creation of Contexo, which Plaintiffs contend is related to the Reorganization Plan and the subsequent assignment/transfer of patents from PilePro LLC to Contexo. Complaint ¶¶ 179-185.  Again, Weigel is not alleged to have taken any specific action in connection with the alleged scheme to create Contexo, which Plaintiffs contend was "devised and directed" by Chang.  Complaint ¶ 180.  Those identified by name as participants in this alleged scheme are:  Chang, Heindl, Farroni, Harzenmoser, and Doering.  Complaint ¶¶ 181-184. Weigel's name does not even appear in these allegations.

22.    **The alleged diversion of funds from Wall-Profile GmbH to Heindl, for his personal benefit – without any specific allegations against Weigel**.  Plaintiffs allege that there was a "Money Diversion Scheme," which Plaintiffs contend resulted in PilePro LLC and PilePro Sales transferring monies from their bank accounts in the United States to Wall-Profile GmbH's bank accounts in Germany.  Complaint, ¶¶ 207-211.  Wall-Profile GmbH is a wholly owned subsidiary of PilePro LLC and was PilePro LLC's "German operations center."  Complaint ¶ 69. Plaintiffs contend that Heindl disbursed money from Wall-Profile GmbH's bank accounts for Heindl's personal benefit.  Complaint ¶ 211.  Again, Weigel is not alleged to have taken any specific action in connection with this alleged scheme, which Plaintiffs contend was carried out by Chang, Heindl and Doering.  Complaint ¶ 210.  Weigel's name does not even appear in these allegations.

D.    **Plaintiffs' Alleged Basis for Personal Jurisdiction over Weigel: Complaint ¶ 28**.

23.    Plaintiffs contend that it is "reasonable and proper for this Court to exercise personal jurisdiction over Weigel" and assert various reasons in support of that contention.

Complaint ¶ 28.  As demonstrated herein, such reasons are insufficient and cannot support this Court's exercise of "specific jurisdiction" over Weigel in Texas.

24.     **Complaint ¶ 28(a):**  Plaintiffs allege that "Weigel was PilePro LLC's lead patent attorney and was responsible for PilePro LLC's patent global [sic] portfolio, including PilePro LLC's United States patents."  Complaint ¶ 28(a).  This is a false statement as it relates to PilePro LLC's U.S. Patent Rights.  Weigel was <u>not</u> responsible for PilePro LLC's global patent portfolio.  Heindl (not Weigel) was the person responsible for PilePro LLC's global patent portfolio.  Weigel Decl. ¶ 13-14; Heindl Decl. ¶¶ 10, 13.  Weigel represented PilePro LLC as a German and European patent attorney under a Power of Attorney issued by Heindl, as the chief patent designer and CEO of PilePro LLC.  Weigel Decl. ¶ 5-8.  Heindl issued over 200 Powers of Attorneys to various IP attorneys.  Heindl Decl. ¶ 10.  Furthermore, Weigel never prepared or filed any U.S. Patent applications.  Weigel's limited participation in assisting PilePro LLC's U.S. patent attorneys is outlined in the Weigel and Heindl Declarations, submitted concurrently herewith.  <u>See</u> Weigel Decl. ¶ 13-19; Heindl Decl. ¶¶ 10, 13-16.

25.     Irrespective of any factual dispute on the issue, Weigel's participation or involvement with the PilePro LLC's U.S. Patent Rights is irrelevant to this Motion because Plaintiffs have no causes of action relating to U.S. Patent Rights and Plaintiffs have conceded that Weigel is not subject to the "general jurisdiction" of this Court.  Nor are there any causes of action relating to "billing statements" of other attorneys, so that conduct cannot support a basis for this court exercising "specific" personal jurisdiction over Weigel.  In other words, the conduct alleged in Paragraph 28(a) of the Complaint has no relation to Weigel's conduct in connection with (1) the transfer in June 2010 of <u>Non-U.S. Patent Rights</u> from PilePro LLC to Contexo <u>in Non-U.S. patent offices</u> (<u>see</u> Complaint ¶¶ 196-205) or (2) the registration in 2008 and 2009 of new patents in the name of Contexo <u>in Non-U.S. patent offices</u> (<u>see</u> Complaint ¶ 169).

26.     **Complaint ¶ 28(b):**  Plaintiffs allege that Weigel travelled to Austin and Houston, Texas in June 2007 to work on legal matters and to meet and retain the Novak Druce patent law firm.  Complaint ¶ 28(b).  Weigel did have a five-day business trip to Texas, from June 23-27, 2007.  Weigel Decl. ¶ 31.  The purpose of that trip was to facilitate meetings with

several U.S. attorneys on behalf of PilePro LLC.  The idea was that PilePro LLC wanted to have a U.S. patent attorney with whom they could directly discuss legal questions as related to filings with the USPTO and related matters.  Weigel Decl. ¶ 31.  Again, the truthfulness of the allegations does not matter because, *even if* Weigel actually "selected" the Novak Druce firm "to be his liaison patent counsel for PilePro LLC in the United States" (Complaint ¶ 28(b)), such conduct has no connection whatsoever to Weigel's conduct years later, when, in his capacity as a German and European patent attorney working for PilePro LLC, he facilitated (1) the transfer in June 2010 of Non-U.S. Patent Rights from PilePro LLC to Contexo in Non-U.S. patent offices (see Complaint ¶¶ 196-205) or (2) the registration in 2008 and 2009 of new patents in the name of Contexo in Non-U.S. patent offices (see Complaint ¶ 169).

27.     **Complaint ¶ 28(c):**  Plaintiffs allege that Weigel travelled to Austin, Texas in February 2010 to work on legal matters.  Complaint ¶ 28(c).  Weigel was in Austin, Texas from approximately February 14-20, 2010, at a time when Heindl was temporarily residing in Austin. Weigel Decl. ¶ 32.  Heindl had always been Weigel's primary contact at PilePro LLC and, other than the seven-month period when Heindl moved to Austin, Heindl had always resided in Munich, Germany.  Heindl Decl. ¶¶ 5-7, 9; Weigel Decl. ¶¶ 10-12.  In fact, between 2005 and 2009, Pile Pro LLC had an office in Munich, Germany.  Heindl Decl. ¶ 9; Weigel Decl. ¶ 10.

28.     While in Austin in February 2010, Weigel did meet with Wendt, Chang and Heindl to discuss pending company issues.  In fact, it was the first time that Weigel had ever met Chang.  Weigel only met with Chang twice on that trip and Wendt was present during both meetings.  Weigel Decl. ¶ 32;  Heindl Decl. ¶ 12;  Chang Decl. ¶¶ 5-11.

29.     Plaintiffs falsely allege that "[i]n addition to meetings that included Wendt, Weigel secretly met with Chang and Heindl to plan portions of the RICO Defendants' scheme to defraud the PilePro Plaintiffs."  Complaint ¶ 28(c).  There were no "secret" meetings to conspire against Plaintiffs.  Weigel Decl. ¶ 32; Heindl Decl. ¶12; Chang Decl. ¶ 9.

30.     Plaintiffs' "secret" meetings allegation has no basis in fact and Plaintiffs certainly cannot prove that such "secret" meetings took place unless they have a witness who was in attendance, which they do not.  Indeed, if they did, the meetings would not be described by

DEFENDANT MATTHIAS WEIGEL'S
RULE 12(B)(2) MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION

Plaintiffs as "secret."  This "secret" meetings allegation is nothing more than pure conjecture and speculation and, by itself (and without admissible evidence to support the allegations) cannot support the exercise of "specific jurisdiction" over Weigel.

31.     **Complaint ¶ 28(d):**  Plaintiffs vaguely allege that Weigel, while acting as PilePro LLC's German patent attorney, "directed, or caused to be directed, a large number of email, telephone calls, and other forms of communications to Austin, Texas."  Complaint ¶ 28(d).  The allegation is conclusory and untrue.  The fact is that, until Mr. Heindl moved to Austin for approximately seven months in late 2009 to early 2010, Weigel estimates that 95% of the communications he had which related to intellectual property matters for PilePro LLC was done within Munich.  Weigel Decl. ¶¶ 34, and 9-12.  Furthermore, during Weigel's representation of PilePro LLC, its headquarters were in South Dakota, not Austin, Texas.  Weigel Decl. ¶ 9; Heindl Decl. ¶¶ 8-9; Chang Decl. ¶¶ 12-15.  See also Paragraphs 58-61, below (Fifth Circuit cases hold that foreign defendant is not subject to personal jurisdiction based merely on contracting with forum resident, the exchange of communications in connection with that contract, or payments being sent into or from forum).

32.     Plaintiffs cannot prove that "Weigel directed such communications to the United States for the purpose of planning, carrying out, and concealing the RICO Defendants' schemes to defraud the PilePro Plaintiffs" (Complaint ¶ 28(d)) unless they have a witness who was a participant in any such communication or unless they have copies of written communications that support their allegation.  If Plaintiffs do not, the bald allegation is nothing more than pure conjecture and speculation and, by itself, certainly cannot support the exercise of "specific jurisdiction" over Weigel.  See Paragraphs 56-57, below (conspiracy allegations are insufficient to support personal jurisdiction; courts must evaluate each defendant's contacts separately in determining jurisdiction).

33.     **Complaint ¶ 28(e):**  Plaintiffs allege that Weigel, while acting as a German patent attorney for Heindl and Steelwall, Weigel retained the Novak Druce patent law firm in Texas "to be his liaison patent counsel in the United States for patent work" for clients other than Plaintiffs – namely, Heindl and Steelwall.  Complaint ¶ 28(e).  Such conduct is irrelevant to the

- 10 -

jurisdictional question <u>unless</u> such conduct is directly related to (1) the transfer in June 2010 of <u>Non-U.S. Patent Rights</u> from PilePro LLC to Contexo <u>in Non-U.S. patent offices</u> (<u>see</u> Complaint ¶¶ 196-205) or (2) the registration in 2008 and 2009 of new patents in the name of Contexo <u>in Non-U.S. patent offices</u> (<u>see</u> Complaint ¶ 169), which it is not.  As noted herein, Plaintiffs have conceded that there is no "general jurisdiction" over Weigel.  As such, general contacts with Texas or the United States are not relevant.

34.     **Complaint ¶ 28(f):**  Plaintiffs allege that Weigel, while acting as a German patent attorney for PilePro LLC, "routinely sent billing invoices to PilePro LLC in Austin, Texas and received payment for his legal services from PilePro LLC via wire transfers."  Complaint ¶ 28(f). The allegation is <u>false</u>, by objective standards.  Weigel Decl. ¶¶ 36-37.  PilePro LLC, formed in 2002 as a Delaware limited liability company (Complaint ¶ 6), in calendar years 2005, 2006, 2007, 2008, 2009, and 2010, PilePro LLC conducted itself as a <u>South Dakota company</u>, and held both a <u>physical address and a bank account in South Dakota</u>.  Weigel Decl. ¶ 9; Heindl Decl. ¶ 8; Chang Decl. ¶¶ 12-15.  Consequently, Weigel's invoices were directed to the following address in South Dakota, not Austin, Texas:

> PilePro LLC
> 1601 Mount Rushmore Road, Suite 3-263
> Rapid City, SD 57701, USA

Weigel Decl. ¶ 9.  And PilePro LLC leased office space in Munich, Germany.  Weigel Decl. ¶ 10; Heindl Decl. ¶ 9.

35.     Weigel ceased working for PilePro LLC in July 2010.  Weigel Decl. ¶¶ 7-8; Complaint ¶ 206.  Subsequently, in late 2010 – after Weigel's withdrawal as PilePro LLC's German and European patent attorney – PilePro LLC applied for a Texas Certificate of Authority, in preparation for lawsuit (patent infringement) against Arcelor Mittal and subsidiary Skyline Steel LLC (Case No. 6:10-cv-00587, filed on Nov 4, 2010, U.S. District Court for the Eastern District of Texas).  PilePro LLC did not rent office space in Austin until October or November 2010, on Music Lane, in Austin, Texas.  Chang Decl. ¶¶ 12-15.

36.     In sum, the allegations in paragraph 28(f) are not only false, but they are also irrelevant to the jurisdictional question because Plaintiffs have no causes of action relating to

DEFENDANT MATTHIAS WEIGEL'S
RULE 12(B)(2) MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION

invoices sent to PilePro LLC <u>in South Dakota</u> and Plaintiffs have conceded that there is no "general jurisdiction" over Weigel.  There are no causes of action relating to Weigel's "billing invoices" – regardless of where they were sent – so that conduct cannot support a basis for this Court exercising "specific" personal jurisdiction over Weigel.

37.     **Count Seven in the Complaint, ¶¶ 274-286, for Breach of Fiduciary Duty against Weigel:**  Of the fifteen (15) Counts in the Complaint, only one is aimed at Weigel specifically:  Count Seven for Breach of Fiduciary Duty.  Complaint ¶¶ 274-286.  The alleged breaches of fiduciary duty that Plaintiffs claim against Weigel are based upon conduct by Weigel that is addressed above, all of which occurred in Germany or other countries outside the United States.  Accordingly, the conduct alleged to constitute a breach of fiduciary duty cannot support a basis for this Court exercising "specific" personal jurisdiction over Weigel.

**V.**

**<u>RELEVANT LEGAL STANDARD AND AUTHORITIES</u>**

**A**.     **<u>Personal Jurisdiction must be Consistent with Constitutional Due Process</u>.**

38.     The "due process inquiry focuses upon whether the nonresident defendant has 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'  <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945)."  <u>Alliantgroup, L.P. v. Feingold</u>, 2012 WL 4485730, \*1 (S.D. Tex. 2012).  There are two types of personal jurisdiction which are recognized: (1) specific and (2) general.  "**Specific jurisdiction exists when the cause of action relates to or arises out of the defendant's contacts with the forum**.  <u>See Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408 (1984).  Alternatively, general jurisdiction may be exercised over a defendant who has substantial, systematic and continuous contacts with the forum.  <u>See Johnston v. Multidata Systems Int'l Corp.</u>, 523 F.3d 602, 609 (5th Cir. 2008)."  <u>Alliantgroup, L.P. v. Feingold</u>, <u>supra</u>, 2012 WL 4485730, \*1 (emphasis added).

**B**.     **<u>Weigel is not Subject to the "General Jurisdiction" of this Court</u>.**

39.     As noted at the outset, Plaintiffs are not contending that Weigel is subject to the Court's "general jurisdiction" of this Court.  <u>See</u> Paragraphs 1-4, above.

DEFENDANT MATTHIAS WEIGEL'S
RULE 12(B)(2) MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION

C.   **Burdens of Proof, Evidentiary Considerations and the Standard of Proof**.

40.     As it pertains to motions to dismiss for lack of personal jurisdiction, the applicable law regarding (1) burdens of proof, (2) evidentiary considerations and (3) the standard of proof is summarized in The Rutter Group, Practice Guide: Fed. Civ. Proc. Before Trial (5th Circuit), Chapter 9, (Westlaw, online edition) (hereinafter, "5th Cir. Practice Guide").

1.     **Plaintiffs Bear the Burden of Establishing "Specific" Personal Jurisdiction over Weigel**.

41.     The Federal Rules of Civil Procedure expressly authorize a motion to dismiss based on the defense that a court lacks personal jurisdiction over the defendant.  Fed.R.Civ.Proc. 12(b)(2).  "Although defendant is the moving party on such a motion, the plaintiff is the party who invoked the court's jurisdiction.  Therefore, plaintiff bears the burden of proof on the necessary jurisdictional facts."  5th Cir. Practice Guide, § 9:113 (citing, among other cases, *Gardemal v. Westin Hotel Co.* (5th Cir. 1999) 186 F.3d 588, 592) (additional citations omitted).

42.     The "weight of the burden" imposed on the plaintiff will depend, in substantial part, on whether the trial court rules on the motion based on written submissions of the parties or whether the trial court holds an evidentiary hearing on the motion.  5th Cir. Practice Guide, § 9:113.  See Paragraphs 50-51, below.

2.     **Evidentiary Considerations**.

43.     With respect to evidentiary considerations, a motion to dismiss under Rule 12(b)(2) "may test either [1] plaintiff's theory of jurisdiction or [2] the facts supporting the theory."  5th Cir. Practice Guide, § 9:114.

44.     **Testing Plaintiff's Jurisdictional Theory:**  "In evaluating plaintiff's jurisdictional theory, the court need only determine whether the facts alleged, if true, are sufficient to establish jurisdiction; no evidentiary hearing or factual determination is necessary.  [*Credit Lyonnais Securities (USA), Inc. v. Alcantara* (2nd Cir. 1999) 183 F3d 151, 153]."  5th Cir. Practice Guide, § 9:114.  That is the case here.  Even if true, the allegations against Weigel with respect to (1) the transfer in June 2010 of Non-U.S. Patent Rights from PilePro LLC to Contexo in Non-U.S. patent offices (see Complaint ¶¶ 196-205) or (2) the registration in 2008

DEFENDANT MATTHIAS WEIGEL'S
RULE 12(B)(2) MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION

and 2009 of new patents in the name of Contexo in Non-U.S. patent offices (see Complaint ¶ 169) cannot support jurisdiction against Weigel because that conduct occurred in Germany and Europe, not in Texas, at a time when PilePro LLC operated in South Dakota.

45.    **Challenging Plaintiff's Fact Allegations:**  "On the other hand, where the motion challenges the facts alleged, a Rule 12(b)(2) motion must be decided on the basis of competent evidence (usually declarations and discovery materials).  [*Data Disc, Inc. v. Systems Technology Assocs., Inc.* (9th Cir. 1977) 557 F2d 1280, 1289, fn. 5; *Jobe v. ATR Marketing, Inc.* (5th Cir. 1996) 87 F3d 751, 753—court may consider 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery'; *In re Baan Co. Secur. Litig.* (D DC 2003) 245 F.Supp.2d 117, 125]."  5th Cir. Practice Guide, § 9:114.

46.    **Pleadings are Generally not Sufficient; Contradicted Allegations Require Admissible Evidence:**  "Unless the facts are admitted, admissible evidence (declarations or discovery materials) is required.  The court cannot assume the truth of allegations in a pleading that is contradicted by a sworn affidavit."  5th Cir. Practice Guide, § 9:115 (citing *Data Disc, Inc. v. Systems Technology Assocs., Inc.* (9th Cir. 1977) 557 F2d 1280, 1284).

3.    <u>**Standard of Proof on Motion to Dismiss for Lack of Jurisdiction**</u>.

47.    "When defendant's motion to dismiss is made as its initial response and the court decides the motion *without conducting an evidentiary hearing*, plaintiff need only make a *prima facie showing* that personal jurisdiction exists.  [*Ballard v. Savage* (9th Cir. 1995) 65 F3d 1495, 1498; *Air Products & Controls, Inc. v. Safetech Int'l, Inc.* (6th Cir. 2007) 503 F3d 544, 549; *Phillips v. Prairie Eye Ctr.* (1st Cir. 2008) 530 F3d 22, 26]."  5th Cir. Practice Guide, § 9:116 (italics in original).

48.    "In this context, a 'prima facie' showing means that plaintiff has produced admissible evidence which, *if believed*, would be sufficient to establish the existence of personal jurisdiction. [See *Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd.* (9th Cir. 2003) 328 F3d 1122, 1129; *WNS, Inc. v. Farrow* (5th Cir. 1989) 884 F2d 200, 203–204; *Cross v. Kloster Cruise Lines, Ltd.* (D OR 1995) 897 F.Supp. 1304, 1309–1310 (quoting text)]."  5th Cir.

- 14 -

Practice Guide, § 9:117 (italics in original).  Under these authorities, <u>admissible evidence</u> is required to support a finding of personal jurisdiction.

49.     Weigel denies that he engaged in any wrongful conduct in connection with (1) the transfer in June 2010 of <u>Non-U.S. Patent Rights</u> from PilePro LLC to Contexo <u>in Non-U.S. patent offices</u> (<u>see</u> Complaint ¶¶ 196-205) or (2) the registration in 2008 and 2009 of new patents in the name of Contexo <u>in Non-U.S. patent offices</u> (<u>see</u> Complaint ¶ 169).  However, even assuming, *arguendo*, that such conduct was wrongful, it cannot support a finding of personal jurisdiction in Texas because such conduct occurred solely in Germany and Europe at a time when PilePro LLC was headquartered in South Dakota.  Therefore, even "if believed," such allegations cannot support personal jurisdiction against Weigel.

50.     The Court has discretion whether or not to hold an evidentiary hearing to determine facts on a motion to dismiss for lack of personal jurisdiction.  <u>5th Cir. Practice Guide</u>, § 9:125-126.

51.     Until the Court holds an evidentiary hearing (or trial on the merits), only the complaint's <u>undisputed</u> factual allegations are to be accepted as true.  However, "only 'well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true.'"  <u>5th Cir. Practice Guide</u>, § 9:117 (citing *Wenz v. Memery Crystal* (10th Cir. 1995) 55 F3d 1503, 1505; *Fiore v. Walden*, (9th Cir. 2012) 688 F3d 558, 574–575 ("mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden")).)  Weigel does not believe there is any need for an evidentiary hearing.

52.     The Court may draw "reasonable inferences" from the well pled, uncontroverted, facts in the complaint plaintiff's favor.  Where <u>material</u> factual allegations in the parties' declarations are in dispute, factual conflicts in the parties' declarations must be resolved in plaintiff's favor.  <u>5th Cir. Practice Guide</u>, § 9:117 (citing cases).  Even if Plaintiffs' allegations that Weigel engaged in wrongful conduct in connection with (1) the transfer in June 2010 of <u>Non-U.S. Patent Rights</u> from PilePro LLC to Contexo <u>in Non-U.S. patent offices</u> (<u>see</u> Complaint ¶¶ 196-205) or (2) the registration in 2008 and 2009 of new patents in the name of Contexo <u>in</u>

- 15 -

Non-U.S. patent offices (see Complaint ¶ 169) are believed (i.e., the factual conflict is resolved in Plaintiffs' favor), such allegations cannot support a finding of personal jurisdiction in Texas because such conduct occurred solely in Germany and Europe at a time when PilePro LLC was headquartered in South Dakota. Again, even "if believed," such allegations cannot support personal jurisdiction against Weigel.

53.     On the other hand, however, it follows that, where non-material facts that cannot support personal jurisdiction are in dispute, such a dispute is irrelevant and there is nothing to "resolve" in plaintiff's favor. Examples include: (1) conduct not aimed at the forum state; (2) conduct that does not give rise to a cause of action. Here, Weigel's conduct in Germany or Europe in connection with the transfer or registration of Non-U.S. Patents in Non-U.S. Patent Offices cannot be the basis of specific jurisdiction because that conduct is not aimed at the forum state. Furthermore, because Weigel's conduct in connection with U.S. Patent Rights are not at issue in this action and do not form the basis of any cause of action, such conduct cannot be the basis of specific jurisdiction.

**D.**     **Under Relevant Case Law, Weigel is not Subject to the "Specific Jurisdiction" of this Court.**

54.     With the backdrop of the foregoing analysis, below are principles of law and relevant cases that show that Weigel is not subject to personal jurisdiction in Texas.

55.     Specific jurisdiction is appropriate only when the foreign defendant has purposely directed his activities at the forum state and the "litigation results from alleged injuries that 'arise out of or relate to' those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) (quoting Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984)). Therefore, specific jurisdiction requires that Plaintiffs' claims arise out of Weigel's contacts with Texas. As demonstrated herein, Plaintiffs' claims do not arise out of or relate to Weigel's conduct in Texas. It must be repeated that, at all relevant times, Weigel's client – PilePro LLC – was a Delaware LLC headquartered in South Dakota – not Texas. Furthermore, Weigel's allegedly wrongful conduct in transferring Non-U.S. Patents to Contexo, or registering Non-U.S. Patents to Contexo, took place in Germany and Europe. Not Texas. Not in the United States.

- 16 -

DEFENDANT MATTHIAS WEIGEL'S
RULE 12(B)(2) MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION

56.     Although Plaintiffs have alleged in the Complaint an elaborate RICO conspiracy and joint enterprise, the Court must evaluate each defendant's contacts separately in determining whether personal jurisdiction exists.  See National Industrial Sand Ass'n v. Gibson, 897 S.W.2d 769, 772 (Tex. 1995) (when a foreign defendant is alleged to have engaged in a conspiracy with a resident, the court will not exercise jurisdiction over the foreign defendant based solely upon the effects or consequences of an alleged conspiracy; rather, the relevant inquiry is whether the foreign defendant, individually, and not as part of the conspiracy, purposely established minimum contacts that satisfy due process requirements).  See also Guidry v. U.S. Tobacco Co., 188 F.3d 619, 625 (5th Cir. 1999).

57.     Accordingly, Plaintiffs cannot rely on conclusory conspiracy allegations to establish specific personal jurisdiction over Weigel.  And it is not enough that Weigel contracted with PilePro LLC – a Delaware LLC, which, at all relevant times, was headquartered in South Dakota.  So there is not even a Texas resident involved in the relationship.

58.     The Fifth Circuit has "on several occasions" observed that a foreign defendant "merely contracting with a resident of the forum state is insufficient to subject the nonresident to the forum's jurisdiction."  Holt Oil & Gas Corp. v. Harvey, 801 F.2d 773, 778 (5th Cir. 1986).  Moreover, the exchange of communications between the parties in the course of developing and carrying out the contract is also generally insufficient to constitute purposeful availment of the benefits and protections of Texas law.  Id. at 778.  Furthermore, the Fifth Circuit have also found that payments being sent into or from the forum state is generally insufficient to confer personal jurisdiction over the nonresident defendant.  Hydrokinetics, Inc. v. Alaska Mechanical, Inc., 700 F.2d 1026, 1029 (5th Cir. 1983).

59.     In Freudensprung v. Offshore Technical Services, Inc., 379 F.3d 327 (5th Cir. 2007), the Fifth Circuit considered whether an African client of Offshore, a Texas-based corporation that provides personnel to the hydrocarbon industry to work on offshore platforms, could be sued by Offshore's independent contractor (Freudensprung) that provided engineering, planning, inspecting, hooked-up and pipeline work, who was injured in Africa after being dispatched there by Offshore.  Id. at 344.  Freudensprung sued the African company in Texas

- 17 -

federal court, attempting to use the African company's contractual relationship with Offshore as a basis for jurisdiction. Freudensprung argued that the court could exercise specific jurisdiction over the African company because it contracted with Offshore, a Texas corporation, agreed to arbitrate disputes with Offshore in Texas, carried out a long-term business relationship with Offshore, communicated with Offshore in developing and executing the contract, and wired payments to Offshore in Texas. Id. The court rejected Freudensprung's arguments and held that "these limited contacts with the forum State were insufficient to support the exercise of jurisdiction over [the African company]." Id. The Freudensprung court further noted that:

> "[T]his Court has repeatedly held that the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant."

Id. at 344.

60.     The Fifth Circuit has "consistently looked to the place of contractual performance to determine whether the making of a contract with a Texas resident is sufficiently purposeful to satisfy minimum contacts." Jones v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061, 1068 (5th Cir. 1992) (emphasis added).

61.     Finally, even if a foreign defendant has sufficient contacts with the forum, the exercise of jurisdiction must also be reasonable. Submersible Sys., Inc. v. Perforadora Central, S.A., 249 F.3d 413, 418 (5th Cir. 2001). The court must determine whether maintaining the suit, and exercising personal jurisdiction, against the foreign defendant "offends traditional notions of fair play and substantial justice." Shaffer v. Heitner, 433 U.S. 186, 204 (1977).

62.     "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113 (1987).

63.     **Non-resident Attorneys:** In Sher v. Johnson, 911 F.2d 1357 (9th Cir. 1990), a Florida law firm represented a California client in a criminal proceeding in Florida. As "normal

- 18 -

DEFENDANT MATTHIAS WEIGEL'S
RULE 12(B)(2) MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION

incidents" of the representation, the firm accepted payment from a California bank, made phone

calls and sent letters to California.  The <u>Sher</u> Court held that:  "[t]hese contacts, by themselves,

do not establish purposeful availment; this is not the deliberate creation of a 'substantial

connection' with California."  <u>Id.</u>  at 1362.  Noting that "[o]ther courts have come to the same

conclusion in similar cases," the <u>Sher</u> Court summarized similar cases, which are instructive:

> In *Mayes v. Leipziger,* 674 F.2d 178 (2nd Cir.1982), a California law
> firm represented a New York resident in litigation in California. The
> client solicited the firm in California, and no member of the firm ever
> entered New York as part of the representation, but the firm did send
> letters and make phone calls to the client in New York. Reviewing
> jurisdiction in a legal malpractice suit in New York under a long-arm
> statute requiring "purposeful avail[ment] of the privilege of conducting
> activities within [New York]," *id.* at 183, the Second Circuit held that
> there was no purposeful availment and therefore no jurisdiction. *Id.* at
> 184-85. As the court said, "[t]here was no activity in New York in
> which defendants sought to participate." *Id.* at 185.

> Similarly, in *Kowalski v. Doherty, Wallace, Pillsbury & Murphy,* 787
> F.2d 7 (1st Cir.1986), a Massachusetts law firm, solicited in its own
> state, represented a New Hampshire client in various legal matters in
> Massachusetts. The client sued the firm in New Hampshire for legal
> malpractice. Reviewing jurisdiction under a New Hampshire long-arm
> statute coextensive with constitutional limitations, the First Circuit
> held that there were inadequate contacts to exercise jurisdiction over
> the firm in New Hampshire consistent with due process. *Id.* at 9, 11.

<u>Sher v. Johnson</u>, <u>supra</u>, 911 F.2d at 1362-63 ("We agree with *Mayes* and *Kowalski.* Out-of-state

legal representation does not establish purposeful availment of the privilege of conducting

activities in the forum state …").

      64.    **Non-resident Attorneys:**  In <u>Austad Co. v. Pennie & Edmonds</u>, 823 F.2d 223

(8th Cir. 1987), a South Dakota company sued a New York law firm specializing in patent

litigation.  <u>Id.</u> at 224.  The law firm was not, and never had been, licensed to practice law in

South Dakota, nor did it maintain any business interests or bank accounts in South Dakota.  The

law firm filed a lawsuit for the South Dakota client in federal district court in Maryland.  <u>Id.</u>

During discovery in the case, the law firm sent an associate and law clerk to the client's office in

South Dakota for three days "to review and copy documents and gather information needed to

DEFENDANT MATTHIAS WEIGEL'S
RULE 12(B)(2) MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION

answer interrogatories." Id. at 225.  The client became dissatisfied with the firm, ending the firm's representation of the client, who refused to pay the $39,000+ invoice.

65.     When the New York firm sought payment, the South Dakota client refused and filed suit in federal district court in South Dakota, alleging breach of fiduciary duty and professional negligence in connection with the representation.  Id.  The firm moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction (or in the alternative, to transfer the case to the district court in New York under 28 U.S.C. § 1404(a)). The district court granted the motion to dismiss on the ground that the district court lacked personal jurisdiction over the firm.  Id.  The Court of Appeal affirmed the dismissal for lack of personal jurisdiction over the non-resident firm, despite its representation of a forum resident, finding that while an attorney-client relationship existed, the New York firm did not have "sufficient contacts with South Dakota to confer personal jurisdiction" as the firm's "only 'substantial connection' with South Dakota was its representation of a South Dakota corporation in connection with litigation taking place wholly outside South Dakota."  Id. at 226-227.

## VI.

## <u>CONCLUSION</u>

For the reasons set forth herein and in the concurrently filed declarations, Weigel respectfully requests that the Court grant this Motion and dismiss the Complaint against him on grounds that he is not subject to "specific jurisdiction" in Texas.


Respectfully Submitted,

DATE:  June 3, 2013


By:     /s/  Andrew C. Callari
          Andrew C. Callari
          CA State Bar No. 159003
Lead Counsel for Defendant
MATTHIAS WEIGEL

DEFENDANT MATTHIAS WEIGEL'S
RULE 12(B)(2) MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION

DATE:  June 3, 2013


By:  ___/s/  Andrew C. Callari
Andrew C. Callari, CA State Bar No. 159003
CALLARI & SUMMERS
34197 Pacific Coast Hwy., Suite 100
Dana Point, California 92629
Telephone: (714) 371-4110
Facsimile:  (714) 882-7915
ac@callarisummers.com

Lead Counsel for Defendant
MATTHIAS WEIGEL


Douglass D. Hearne, Jr.
Associate Counsel / Local Counsel
LAW OFFICE OF DOUGLASS D. HEARNE, JR.
221 W. 6th Street, Suite 2000
Austin, Texas 78701
(512) 494-8811
(512) 494-8819 - fax
dhearne@hearne-browder.com

Robert A. Johnson, CA State Bar No. 155938
Associate Counsel
ROBERT JOHNSON LAW CORPORATION
34197 Pacific Coast Hwy., Suite 100
Dana Point, California 92629
Telephone: (949) 498-4999
Facsimile:  (949) 498-4998
robert@robertjohnsonlaw.com

George Moschopoulos, CA State Bar No. 249905
Associate Counsel
THE LAW OFFICE OF GEORGE MOSCHOPOULOS
34197 Pacific Coast Hwy., Suite 100
Dana Point, California 92629
Telephone:     (714) 904-1669
Facsimile:      (714) 272-0428
g.moschopoulos.esq@gmail.com


Attorneys for Defendant
MATTHIAS WEIGEL

DEFENDANT MATTHIAS WEIGEL'S
RULE 12(B)(2) MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION

CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the foregoing document has been served on June 3, 2013, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system, per Local Rule CV-5.

Executed this 3rd day of June 2013:

> **In this action, Case No. 1:12-cv-00829-SS, notice will be electronically mailed to:**
>
> Barry F. McNeil     barry.mcneil@haynesboone.com, deonna.willis@haynesboone.com
>
> Douglass A. Mitchell     dmitchell@bsfllp.com, swisniewski@bsfllp.com
>
> Lee S. Wolosky     lwolosky@bsfllp.com, nyc_managing_clerk@bsfllp.com
>
> Leslie C. Thorne     leslie.thorne@haynesboone.com, julie.abernathy@haynesboone.com

By:    /s/  Andrew C. Callari

Andrew C. Callari
CA State Bar No. 159003
Lead Counsel for Defendant
MATTHIAS WEIGEL

DEFENDANT MATTHIAS WEIGEL'S
RULE 12(B)(2) MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION